UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DERRICK LEE SMITH,

    Petitioner,

v.                                Case No. 13-14013

DANIEL HEYNS, et al.,

    Respondents.
_____/

**ORDER DENYING MOTION TO CORRECT THE RECORD AND
DENYING MOTION FOR REINSTATEMENT OF THE CASE**

Petitioner Derrick Lee Smith, presently incarcerated at the Brooks Correctional Facility in Muskegon Heights, Michigan, filed a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254. On October 24, 2013, the court transferred in part his petition to the United States Court of Appeals pursuant to 28 U.S.C. § 2244(b)(3)(A) for authorization to file a second or successive habeas petition, dismissed in part the petition as duplicative of a prior habeas petition that another judge in this district had held in abeyance, and dismissed in part without prejudice Petitioner's claims that would be more properly brought pursuant to 42 U.S.C. § 1983. Now pending before the court are Petitioner's motions to correct the record and to reinstate his case. For the reasons that follow, these motions will be denied.

**I. BACKGROUND**

In his petition, Petitioner claimed that the State of Michigan fraudulently forced citizenship upon him in order to acquire jurisdiction over him so that he could be

1

prosecuted for various criminal offenses.[1]  Petitioner claimed that, in 1976, a jury convicted him of first-degree murder and two counts of armed robbery.  The Michigan Department of Corrections' Offender Tracking Information System (OTIS), of which this court is permitted to take judicial notice, *Ward v. Wolfenbarger,* 323 F. Supp. 2d 818, 821, n.3 (E.D. Mich. 2004), indicates only that Petitioner was convicted of two counts of third-degree criminal sexual conduct in the Wayne County Circuit Court in 1998, and that he was later convicted in the Wayne County Circuit Court in 2008 of six counts of first-degree criminal sexual conduct and two counts of kidnapping.  There is no indication in OTIS that Petitioner was convicted of first-degree murder and armed robbery in 1976, or ever.[2]  In his Petition, he also challenged the conditions of his confinement.  Specifically, Petitioner claimed that he was denied access to a copy of the

---

[1]In the petition, he stitched together and regurgitated the same kind of arguments frivolously asserted through the years by many other prisoners and *pro se* litigants who are gulled into thinking they have discovered a magic talisman that avoids criminal, tax, and other liability.  Petitioner contends, for example, that he is not a United States citizen but his own sovereign; he informs the court that, in any event, the "United States, Inc./State of Michigan, Inc." have been both "legally declared bankrupt, dissolved, and insolvent."  He takes issue with his name being rendered in all-capital letters, the customary practice in legal pleadings, and claims that the use of this convention serves to identify another "straw man" artificial entity, not himself.  He seeks refuge in the Uniform Commercial Code.  For decades, arguments such as these have been uniformly rejected by the federal courts.  *See, e.g., United States v. Hilgeford,* 7 F.3d 1340, 1342 (7th Cir.1993) (rejecting the "shop worn" argument that a defendant is a sovereign and thus beyond the jurisdiction of the district court); *United States v. Hart,* 701 F.2d 749, 750 (8th Cir.1983) (characterizing as "frivolous" an appeal in tax case challenging government's jurisdiction over "sovereign citizens").

[2]The biographical information from OTIS lists Petitioner's date of birth to be November 1, 1972.  He was four years old in 1976, and incapable of criminal culpability. *See Burhans v. Witbeck*, 134 N.W.2d 225, 227 (Mich. 1965).  Petitioner's reference to his 1976 convictions clearly appears to be material that he copied from another person's papers, but failed to read.

2

Uniform Commercial Code (U.C.C.) which he desperately needed to challenge the constitutionality of his convictions.

In its October 24, 2013 order, the court denied without prejudice for want of jurisdiction Petitioner's claims regarding his 1998 convictions and ordered the Clerk of the Court to transfer the case to the Sixth Circuit under 28 U.S.C. § 2244(b)(3)(A) for a determination of whether Petitioner should be permitted to file a successive habeas petition with respect to those claims. Further, the court dismissed Petitioner's claims with respect to his 2008 convictions as duplicative of another habeas petition challenging those same convictions. Finally, the court dismissed without prejudice any challenges to the conditions of confinement claims that would be more properly brought pursuant to 42 U.S.C. § 1983. The Sixth Circuit subsequently denied Petitioner a certificate of authorization to file a successive habeas challenge to his 1998 convictions. *In Re Smith,* No. 13-2477 (6th Cir. June 6, 2014).

Petitioner has now filed a motion for correction of the record and a motion to reinstate his case with respect to his allegations regarding the U.C.C. materials.

## II. DISCUSSION

In his motion for correction of the record, Petitioner asks the court to correct the record to reflect that he was not convicted in 1976 of first-degree murder or armed robbery. The court already stated in its original order and again in this order that there was no indication that Petitioner had ever been convicted of first-degree murder or armed robbery. In fact, the court noted in that order—and repeated in this order—that it is obvious that he was not so convicted. *See* note 2, *supra.* The court has already concluded that Petitioner was not convicted in 1976 of murder or armed robbery, and

3

there is no need to further correct the record.  The motion for correction of the record will be denied as moot.

Petitioner has also filed a motion for reinstatement of his case with respect to his challenge to conditions of confinement.  Petitioner claims that he filed a civil rights complaint with respect to the alleged confiscation of his U.C.C. materials in the United States District Court for the Western District of Michigan and that this complaint had been transferred to the Eastern District of Michigan on September 30, 2013.  Further, Petitioner claims that he did not file this action as a habeas petition but rather as a civil rights complaint that the Western District of Michigan improperly recharacterized.  The court has reviewed the docket sheet in this case and again reviewed the original petition.  There is no indication that this case was transferred from the Western District of Michigan.  Petitioner's original paper was filed with this court and labeled a "Constitutional Complaint for Federal Writ of Habeas Corpus to Inquire into the Unconstitutional Restraints Imposed Upon Petitioner's Liberty."  (Dkt. # 1, Pg. ID 1.)  The petition indicated that the court had jurisdiction pursuant to the two federal habeas corpus statutes, 28 U.S.C. § 2241 and 28 U.S.C. § 2254.  (*Id.* at Pg. ID 2.)  Moreover, Petitioner paid a five dollar filing fee, which is the filing fee for a habeas action, not a civil rights action.  *See* 28 U.S.C. § 1914(a).  There is no indication that Petitioner attempted to file a civil rights complaint in this case.  In any event, the court dismissed Petitioner's challenges to his confinement without prejudice thereby allowing him to file a separate civil rights complaint.  Petitioner remains free to file a separate civil rights complaint.  The court will deny Petitioner's motion to reinstate the case.

### III.  CONCLUSION

For the reasons stated above, IT IS ORDERED that Petitioner's motion for correction of the record (Dkt. # 4) is DENIED as moot.

IT IS FURTHER ORDERED that Petitioner's motion for reinstatement of his case (Dkt. # 5) is DENIED.

    s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  July 24, 2014


I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, July 24, 2014, by electronic and/or ordinary mail.

    s/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522